UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**KYLE KINGSLEY BLANE WRIGHT** *et al.*                                    **PLAINTIFFS**

**v.**                                                         **CIVIL ACTION NO. 5:14CV-P23-R**

**RICKY PARNELL** *et al.*                                                 **DEFENDANTS**

## MEMORANDUM OPINION

By Order entered March 27, 2014 (DN 4), the Court directed the two Plaintiffs—Kyle Kingsley Blane Wright and Harold Adam Trimpe—to file separate applications to proceed without prepayment of fees and file their own certified prison trust account statement for the six-month period immediately preceding the filing of the complaint. The Court warned Plaintiffs that their failure to comply within 30 days of entry of the Order may result in dismissal of the Plaintiff(s) in non-compliance. The 30-day period has expired, and a review of the record reveals that neither Plaintiff complied.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than

a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Plaintiffs Wright and Trimpe having both failed to comply with a straightforward Court Order containing an easily understood deadline, the action will be dismissed by separate Order for failure to prosecute and to comply with an Order of this Court.

Date:


cc: Plaintiffs, *pro se*
    Fulton County Attorney
4413.005